UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-251(KMM/SGE)

UNITED STATES OF AMERICA,

Plaintiff,

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

v.

(8) MARCUS JOE HEARD,

Defendant.

The United States of America and the defendant, MARCUS JOE HEARD, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges**. The defendant agrees to plead guilty to Count Two of the Superseding Indictment, which charges the defendant with Conspiracy to Distribute Over 40 Grams of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The defendant fully understands the nature and elements of the crime with which he has been charged.

Upon imposition of sentence, if there are remaining counts, the government agrees to move to dismiss those remaining charges against the defendant contained in the Superseding Indictment.

1

2.    **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count Two of the Superseding Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

Beginning on or about March of 2024, and continuing through on or about June of 2025, the defendant agreed with others known and unknown to distribute fentanyl in North Minneapolis in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). The defendant sold fentanyl out of at least two apartment buildings, including: (1) at the 3600 block of Penn Avenue N. in 2024; and (2) at the 3200 block of Penn Avenue N. in 2025. Defendant first sold drugs with others out of 3600 block of Penn Ave. N. but then in fall of 2024 moved up north for a period of time. He then returned in April of 2025 to 3200 Penn Ave. N.

At both locations on Penn Ave. N., the defendant and others sold fentanyl to both repeat customers and members of the public. The defendant and others coordinated these sales through text messages and Facebook messages. 32XX Penn Ave. N. consisted of four units, several defendants were living in the various units, and defendant Marcus Heard was residing with another co-defendant Jeremy Lucious in Unit 1. Unit 1 consisted of two bedrooms a common area and a kitchen. Mr. Heard and others sold drugs out of Unit #1. Mr. Heard was staying in one room.

On June 25, 2025, a search warrant was executed at Unit #1. In a different room from the room where Mr. Heard was staying,officers found a Taurus G2C

bearing serial number TLX 6117 inside a jacket pocket hanging in the corner. Mr. Heard, however, was out of town at the time of the execution of the search warrant. He had traveled back to Mississippi prior to the search warrant being executed.

The total drug weight of fentanyl for which the defendant is responsible, including amounts distributed by co-conspirators which were reasonably foreseeable to him, is at least 280 grams but less than 400 grams of fentanyl.

At all times the defendant acted knowingly, voluntarily, and with knowledge that his actions violated the law.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has

3

the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.    **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6.    **Statutory Penalties**. The defendant understands that Count Two of the Superseding Indictment, charging Conspiracy to Distribute 40g or More of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 is a felony offense that carries the following statutory penalties:

a.    a mandatory minimum of 5 years in prison;

4

b.  a maximum of 40 years in prison;

c.  a supervised release term of at least 4 years;

d.  a maximum fine of $5,000,000;

e.  a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

f.  The possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7.  **Guidelines Calculations**.  The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.*  Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence.  The parties stipulate to the following guidelines calculations:

a.  Base Offense Level.  The parties agree that the base offense level is **28**.  U.S.S.G. § 2D1.1(c)(5).

b.  Specific Offense Characteristics. The parties disagree whether any specific offense characteristics should apply.  The Government believes that the offense should be increased by the following amounts:

(1) **+2** levels because a firearm was possessed as part of the conspiracy. U.S.S.G. § 2D1.1(b)(12).

(2) **+2** levels because the defendant maintained a premises for the purpose of distributing a controlled substance.  U.S.S.G. § 2D1.1(b)(12).

Defendant does not agree that he maintained any drug premise or that he possessed a firearm as part of the conspiracy, and will contest the application of both of the above enhancements.

The parties agree that no other specific offense characteristics apply.

5

c.   Safety Valve. Based on the information currently available, the Parties believe the defendant may be eligible for "safety valve" relief in accordance with 18 U.S.C. § 3553(f), provided the defendant meets the remaining requirements set forth in 18 U.S.C. § 3553(f). This is not a binding stipulation and the application of these provisions to the defendant will be determined at the time of sentencing.

d.   Because U.S.S.G. § 5C1.2 has not yet been amended in accordance with 18 U.S.C. § 3553(f) as amended by the FIRST STEP Act, the defendant does not satisfy the criteria for the two-level reduction provided by U.S.S.G. § 2D1.1(b)(18). The government agrees, however, to recommend that the Court apply a two-level variance from the otherwise-applicable Guidelines range as if U.S.S.G. § 2D1.1(b)(18) in fact applied, if the defendant meets the criteria of subdivisions (1) – (5) of 18 U.S.C. § 3553(f). If the Court grants the two-level variance recommended by the government when computing the defendant's offense level, the defendant expressly agrees that the defendant will not later seek a further reduced sentence on the basis that U.S.S.G. § 2D1.1(b)(18) was inapplicable at the time defendant's sentence was imposed— through any means, including a motion pursuant to 18 U.S.C. § 3582(c), as a result of a later amendment to U.S.S.G. § 5C1.2.

e.   Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

f.   Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full,

complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

g.    <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category **I**.    U.S.S.G. § 4A1.1.    This does not constitute a stipulation, but a belief based on an assessment of the information currently known.    The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.    The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

h.    <u>Guidelines Range</u>. Guidelines Ranges. The Parties anticipate the following potential low and high Guidelines ranges, based on the relevant conduct noted in paragraph 2 and any other potential adjustments described above:

i)    <u>Defendant's Position.</u> **46-57** months: Criminal History Category I & Adjusted Offense Level 23, with a base offense level 28, a two-level reduction for safety valve, a three-level reduction for acceptance of responsibility, and no premises or firearm enhancements.

ii)    <u>Government's Position with Safety Valve:</u> **70-87 Months:** Criminal History Category I & Adjusted Offense Level 29, with a base offense level 28, a two-level premises enhancement, a two-level enhancement for a firearm, a two-level

7

reduction pursuant to U.S.S.G. § 2D1.1(b)(18), and a three-level reduction for acceptance of responsibility.

iii)    Government's Position without Safety Valve. **89-108** months: Criminal History Category I & Adjusted Offense Level 29, with a base offense level 28, a two-level premises enhancement, a two-level enhancement for a firearm, and a three-level reduction for acceptance of responsibility.

iv)    Notwithstanding the potential applicable Guidelines ranges above, Defendant acknowledges that he is subject to a statutory minimum penalty of a five-year (**60 month**) mandatory sentence as to Count 2, unless he is safety valve eligible.

v)    Fine Range. If the adjusted offense level is **23-29**, the Sentencing Guidelines fine range is $30,000-$5,000,000. U.S.S.G. § 5E1.2(c).

vi)    Supervised Release. The Sentencing Guidelines' term of supervised release is at least four years. U.S.S.G. § 5D1.2(a).

8.    **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.    **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within

8

the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

12. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of Count One of the indictment, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violations.

9

The United States reserves its right to seek a money judgment forfeiture, to forfeit substitute assets, and to forfeit additional directly forfeitable property.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest the defendant may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, the defendant withdraws any such challenges.

13.    **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the defendant of the substantive reasonableness of a term of imprisonment above 108 months.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a

collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 87 months' imprisonment.

14.    **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15.    **Complete Agreement**.   This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.  By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions

have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

DANIEL N. ROSEN
United States Attorney

Date: 5/7/25

BY:    WILLIAM C. MATTESSICH
Assistant United States Attorney

Date: 5-7-26

MARCUS JOE HEARD
Defendant

Date: 5-7-26

ANDREW GARVIS
Counsel for Defendant

12